■ In the Matter of REX G. WHITMAN et al., Respondents, v ALFRED AMAN, JR., et al., Constituting the Board of Zoning Appeals of the City of Ithaca, Appellants. — Appeal from a judgment of the Supreme Court at Special Term (Fischer, J.), entered January 14, 1982 in Tompkins County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Zoning Board of Appeals of the City of Ithaca. On April 21, 1981, petitioners, owners of property located at 110 Westbourne Lane in Cornell Heights area of the city of Ithaca near its border with the Village of Cayuga Heights, applied to the Ithaca building commissioner for a use permit. They sought to convert their single-family dwelling into a multiple dwelling. The area is zoned R-U which permits multiple dwellings as long as the

applicable district regulations are complied with. Petitioners' application was denied on the ground that Westbourne Lane was not a dedicated city street and, therefore, petitioners' property did not have 125 feet of frontage measured on a public right of way as required by column 7 of section 30.25 of the Ithaca City Zoning Ordinance. This ruling was made even though the frontage of their property on Westbourne Lane measured 127 feet. Column 7 of section 30.25 of the Zoning Ordinance, insofar as pertinent, reads as follows: "Lots hereafter used for a permitted use in each use district shall have frontage measured on a public right-of-way equal to or greater than the width specified in this column". The building commissioner apparently equated the phrase "public right-of-way" to mean a "dedicated city street". The phrase "public right-of-way" is not defined anywhere in the ordinance. Petitioners, therefore, applied to the board of zoning appeals (board) for an interpretation that Westbourne Lane was a "public right-of-way" within the meaning of the ordinance. The board ruled that for a street to qualify as a "public right-of-way" under the ordinance it "must be a city street, state highway or other thoroughfare owned and maintained by a public authority". The board also ruled 110 Westbourne Lane did not have frontage on a public right of way as required by the district regulations. It found that the purposes of the frontage requirement "can only be assured where the right of way is a public street in fact and a definition of a public right of way as a public street lends itself to ease of administrative application". Petitioners thereafter commenced this article 78 proceeding to annul the decision of the board. Special Term, in annulling and reversing the board, held that the board's interpretation of the zoning ordinance was confiscatory in its application and amounted to an unconstitutional taking in that it confined every structure on all 23 "Not City Streets" to uses now deemed nonconforming. This appeal by the board ensued. There should be an affirmance. The board's interpretation of the contested phrase appears to be arbitrary and capricious and was properly annulled. Respondent's interpretation of the zoning ordinance in effect rendered petitioners' premises a nonconforming use not only as a multiple residence but also as any other category of use since the ordinance requires that for *every* permitted use, frontage must be on a public right of way. This transforms petitioners' house, considered a conforming use prior to the board's interpretation, into a nonconforming use, even as a single residence. An unconstitutional taking of property is the result. Zoning ordinances are constitutional when they bear a substantial relationship to the public welfare (*Agins v City of Tiburon,* 447 US 255). The unconstitutionality of the board's decision does not arise from the requirement of frontage as a condition of a permitted use to advance the public welfare, but rather from its overbroad application. An examination of the records of the Ithaca city engineer's office revealed that there were 23 streets within Ithaca which, like Westbourne Lane, had never been dedicated as "City Streets". Multiple residence permits had been routinely issued for properties fronting these "Not City Streets" over the years, although the zoning ordinance had contained the same phrase "public right-of-way" for frontage measurement since 1961. The board stated the purpose of its interpretation was to assure access to the public and "access and control by public safety and sanitary services". However, petitioners presented evidence that there are designated city streets narrower than Westbourne Lane which contain multiple residences. Furthermore, it was demonstrated that Westbourne Lane has been open to the public since at least 1904 and has all the attributes of a "right-of-way". The public has a general right of passage and unrestricted access to this road and it must be considered a public highway regardless of its actual ownership (see *People v Thew,* 44 NY2d 681, 682;

*People v County of Westchester*, 282 NY 224). The foregoing compels the conclusion that the construction of the ordinance rendered by the board is unreasonable, arbitrary and capricious. Judgment affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Mikoll and Yesawich, Jr., JJ., concur.